**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Van L. Wilson,                            )<br>                                                  )<br>               Plaintiff,                     )<br>                                                  )<br>vs.                                              )<br>                                                  )<br>                                                  )<br>Richard Bock, et al.,                    )<br>                                                  )<br>               Defendants.              )<br>_____) | No. CV 11-2376-PHX-RCB (ECV)<br><br>**ORDER** |

On December 2, 2011, Plaintiff Van L. Wilson, who is confined in the Arizona State Prison-Kingman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a January 13, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 8, 2012, Plaintiff filed his First Amended Complaint (Doc. 4). The Court will order Defendant Barcklay to answer Count II of the First Amended Complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

1   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
2   be granted, or that seek monetary relief from a defendant who is immune from such relief.
3   28 U.S.C. § 1915A(b)(1), (2).

4        A pleading must contain a "short and plain statement of the claim *showing* that the
5   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
6   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
7   unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
8   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
9   statements, do not suffice." Id.

10        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
11   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
12   550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
13   that allows the court to draw the reasonable inference that the defendant is liable for the
14   misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
15   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
16   experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
17   allegations may be consistent with a constitutional claim, a court must assess whether there
18   are other "more likely explanations" for a defendant's conduct. Id. at 1951.

19        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
20   must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
21   Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
22   than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
23   94 (2007) (*per curiam*)).

24   **II.   First Amended Complaint**

25        In his three-count First Amended Complaint, Plaintiff sues the following Defendants:
26   Dr. Karen Barcklay, Lieutenant Defranco, Sergeant Salazar, and Correctional Officers II
27   John Doe I and John Doe II.

28

TERMPSREF                                    - 2 -

1 In Count I, Plaintiff claims that his Eighth and Fourteenth Amendment rights were
2 violated when Defendants Doe I and Doe II allowed another inmate into the exercise yard
3 with Plaintiff. The other inmate had a padlock concealed in a sock and used it to hit Plaintiff
4 in the face and ankle. Plaintiff claims that when Defendant Doe II came to remove the other
5 inmate from the yard, he stated "now I bet you will respect us." Plaintiff alleges that
6 Defendants Doe I and Doe II allowed the other inmate access to the yard in retaliation for
7 Plaintiff filing complaints against another corrections officer.

8 In Count II, Plaintiff claims that his Eighth Amendment rights were violated when
9 Defendant Barcklay refused to provide more than minimal treatment for his injuries. Plaintiff
10 states that as a result of the attack, 80% of his left orbital socket was damaged in the assault
11 and his ankle was fractured. Plaintiff claims that his injuries were obvious because his left
12 eye did not move with his right eye and because he could not walk. Plaintiff alleges that he
13 requested treatment on multiple occasions over a 13-day period, but Defendant Barcklay
14 refused to order x-rays or provide pain medication and Plaintiff did not receive treatment
15 (beyond ice packs) until the dentist ordered medical treatment for him. Plaintiff alleges that
16 he suffered permanent damage to the left orbital socket and experiences continuing pain,
17 headaches, and poor vision.

18 In Count III, Plaintiff claims that his due process rights were violated when
19 Defendants Defranco and Salazar filed a false disciplinary report against him and he lost all
20 privileges. Plaintiff states that his privileges were later restored by Lieutenant Martin after
21 she determined that there was never a disciplinary finding against Plaintiff.

22 Plaintiff seeks declaratory relief and money damages.

23 **III.  Failure to State a Claim**

24 In Count III, Plaintiff claims that his due process rights were violated when he was
25 falsely charged with a disciplinary violation and temporarily lost privileges.

26 In analyzing a due process claim, the Court must first decide whether Plaintiff was
27 entitled to any process, and if so, whether he was denied any constitutionally required
28 procedural safeguard. Liberty interests which entitle an inmate to due process are "generally

1  limited to freedom from restraint which, while not exceeding the sentence in such an
2  unexpected manner as to give rise to protection by the Due Process Clause of its own force,
3  nonetheless imposes atypical and significant hardship on the inmate in relation to the
4  ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal
5  citations omitted).

6  To determine whether an inmate is entitled to the procedural protections afforded by
7  the Due Process Clause, the Court must look to the particular restrictions imposed and ask
8  whether they "'present the type of atypical, significant deprivation in which a state might
9  conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995)
10 (quoting Sandin, 515 U.S. at 486). "Atypicality" requires not merely an empirical
11 comparison, but turns on the importance of the right taken away from the prisoner. See Carlo
12 v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997). To determine whether the sanctions are
13 atypical and a significant hardship, courts look to prisoner's conditions of confinement, the
14 duration of the sanction, and whether the sanction will affect the duration of the prisoner's
15 sentence. See Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

16 Plaintiff was not entitled to any due process procedural protections because the loss
17 of privileges is not an atypical and significant hardship. See Sandin, 515 U.S. at 475-76, 487
18 (30 days' disciplinary segregation is not atypical and significant); Smith v. Mensinger, 293
19 F.3d 641, 654 (3rd Cir. 2002) (seven months of disciplinary confinement "does not, on its
20 own, violate a protected liberty interest"); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (two
21 and one-half years' administrative segregation is not atypical and significant); Rizzo v.
22 Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a prisoner's
23 "place of confinement even though the degree of confinement may be different and prison
24 life may be more disagreeable in one institution than in another" without violating a
25 prisoner's due process rights); Lucero v. Russell, 741 F.2d 1129 (9th Cir. 1984)
26 (administrative transfer to maximum security without a hearing does not infringe on any
27 protected liberty interest).

28 The Court will therefore dismiss Count III for failure to state a claim.

**IV.  Claim for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment claim for denial of medical care against Defendant Barcklay.  The Court will require Defendant Barcklay to answer Count II of the Amended Complaint.

**V.  Doe Defendants**

Although Plaintiff has adequately stated a claim against Defendants Doe I and Doe II in Count I, the Court will not require service on these Defendants.  The use of John Doe-type appellations to identify defendants is not favored, and as a practical matter, it is nearly impossible for the United States Marshal to serve a summons and complaint upon a John Doe defendant.  However, the Court will not dismiss the claim against the Doe Defendants at this time.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of these Defendants, Plaintiff should amend his Complaint to name them, in compliance with  Federal Rule of Civil Procedure 15(a).

**VI.  Warnings**

**A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

1 relief with a notice of change of address. Failure to comply may result in dismissal of this
2 action.

### C.     Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count III is **dismissed** without prejudice.

(2)     Defendants Defranco and Salazar are **dismissed** without prejudice.

(3)     Defendant Barcklay must answer Count II of the First Amended Complaint.

(4)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 4), this Order, and both summons and request for waiver forms for Defendant Barcklay.

(5)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

1 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
2 is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

3     (7)    The United States Marshal must retain the Summons, a copy of the First
4 Amended Complaint, and a copy of this Order for future use.

5     (8)    The United States Marshal must notify Defendant of the commencement of this
6 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
7 Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The**
8 **Marshal must immediately file signed waivers of service of the summons.  If a waiver**
9 **of service of summons is returned as undeliverable or is not returned by a Defendant**
10 **within 30 days from the date the request for waiver was sent by the Marshal, the**
11 **Marshal must**:

12     (a)    personally serve copies of the Summons, First Amended Complaint, and
13 this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
14 Procedure; and

15     (b)    within 10 days after personal service is effected, file the return of service
16 for Defendant, along with evidence of the attempt to secure a waiver of service of the
17 summons and of the costs subsequently incurred in effecting service upon Defendant.
18 The costs of service must be enumerated on the return of service form (USM-285) and
19 must include the costs incurred by the Marshal for photocopying additional copies of
20 the Summons, First Amended Complaint, or this Order and for preparing new process
21 receipt and return forms (USM-285), if required.  Costs of service will be taxed
22 against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules
23 of Civil Procedure, unless otherwise ordered by the Court.

24     (9)    **If Defendant agrees to waive service of the Summons and First Amended**
25 **Complaint, Defendant must return the signed waiver forms to the United States**
26 **Marshal, not the Plaintiff.**

27
28

**TERMPSREF**     - 7 -

1    (10) Defendant Barcklay must answer the First Amended Complaint or otherwise
2 respond by appropriate motion within the time provided by the applicable provisions of Rule
3 12(a) of the Federal Rules of Civil Procedure.

4    (11) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
5 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
6 under 28 U.S.C. § 636(b)(1).

   DATED this 21st day of March, 2012.

_____
Robert C. Broomfield
Senior United States District Judge